IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LAURA TAVERNIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2423 M/P |
| | ) | |
| THE UNIVERSITY OF TENNESSEE COLLEGE OF MEDICINE, JOHN MIDTLING, individually and in his official capacity; HENRY HERROD, individually and in his official capacity; RAY WALKER, individually and in his official capacity; and NANCY MADDOX, individually and in her official capacity, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY ADVERSE COUNSEL**

Before the court is Plaintiff's motion to disqualify attorney Eugene Forrester, Jr., filed March 18, 2005. Defendants University of Tennessee ("UT"), John E. Midtling, M.D., in his official capacity ("Dr. Midtling"), Henry G. Herrod, M.D. ("Dr. Herrod"), in his official capacity, Ray Walker ("Dr. Walker") individually and in his official capacity, and Nancy Maddox ("Ms. Maddox"), individually and in her official capacity, responded on April 5, 2005. For the following reasons, the motion is DENIED.

I. Background

This case arises from Dr. Laura Tavernier's alleged dismissal

from her employment at the University of Tennessee College of Medicine ("the University") in March 2003. Tavernier claims that in dismissing her, the University violated the Family and Medical Leave Act ("FMLA"). Tavernier also claims that Defendant Nancy Maddox, acting in both her official and individual capacities, violated 42 U.S.C. § 1983 and that Maddox, acting in her individual capacity, violated the Tennessee Human Rights Act ("THRA"), unlawfully induced the University to breach its employment contract with Tavernier, and tortiously interfered with Tavernier's employment contract with the University.

On January 12, 2005, the Tennessee Attorney General's Office, which had been representing the Defendants in this matter, filed a motion to withdraw as counsel. The Attorney General's Office claimed that its continued representation of various Defendants violated Rule 1.7 of the Rules of Professional Conduct governing joint representation. On February 10, 2005, the court held a hearing and granted the motion, accepting the Attorney General's representation that impermissible conflicts of interest among the Defendants required withdrawal. On March 11, 2005, Attorney Eugene Forrester entered a Notice of Appearance on behalf of all Defendants, including Dr. Midtling and Dr. Herrod in their official capacities only. Attorney Lisa Krupicka has entered a Notice of Appearance on behalf of Dr. Herrod, and Attorney Jeffrey Jarratt has entered a Notice of Appearance on behalf of Dr. Midtling in his

2

individual capacity only.

## II. Analysis

The movant has the burden of proving that opposing counsel should be disqualified. McKinney v. McMeans, 147 F. Supp. 2d 898, 900 (W.D. Tenn. 2001); Bartech Industries, Inc. v. International Baking Co., Inc., 910 F. Supp. 388, 392 (E.D. Tenn. 1996). At a minimum, a party seeking to disqualify adverse counsel based on a conflict of interest must demonstrate a past or present attorney-client relationship with the lawyer she seeks to disqualify. See, e.g., Dana Corp. v. Blue Cross & Blue Shield, 900 F.2d 882, 889 (6th Cir. 1990). Plaintiff has made no such showing in the instant case. Instead, Plaintiff argues that the addition of separate attorneys representing Drs. Herrod and Midtling in their individual capacities does not cure whatever conflict of interest compelled the withdrawal of the Attorney General's Office. Plaintiff does not, however, demonstrate how she will be prejudiced by a potential conflict of interest among the various defendants.[1] Thus, Plaintiff has failed show that adverse counsel must be disqualified.

---

[1] It is doubtful, therefore, that Plaintiff has standing to bring a motion to disqualify adverse counsel on this basis. See, e.g., Pigford v. Veneman, 355 F. Supp. 2d 148, 156-57 (D.D.C. 2005); Colyer v. Smith, 50 F. Supp. 2d 966, 971 (C.D. Cal. 1999).

3

## III. Conclusion

For the foregoing reasons, Plaintiff's motion to disqualify Eugene Forrester as counsel for the Defendants is DENIED.

So ORDERED this 25th day of August 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 156 in case 2:03-CV-02423 was distributed by fax, mail, or direct printing on August 30, 2005 to the parties listed.

---

James M. Simpson
ALLEN SUMMERS SIMPSON LILLIE & GRESHAM, PLLC
80 Monroe Ave.
Ste. 650
Memphis, TN 38103--246

Eugene S. Forrester
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Jeffery A. Jarratt
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Heather Webb Fletcher
ALLEN SUMMERS SIMPSON LILLIE & GRESHAM, PLLC
80 Monroe Ave.
Ste. 650
Memphis, TN 38103--246

Zachary S. Griffith
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Georgia A. Robinette
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Lisa A. Krupicka
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Jennifer Shorb Hagerman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103


Honorable Samuel Mays
US DISTRICT COURT