IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LAURA A. TAVERNIER, M.D., )
)
    Plaintiff, )
)
vs. ) 03-2423 Ma/P
)
THE UNIVERSITY OF TENNESSEE )
COLLEGE OF MEDICINE et al., )
)
    Defendants. )

## ORDER DENYING DEFENDANTS' JOINT MOTION TO REOPEN DISCOVERY

Before the court is the defendants' Joint Motion to Reopen Discovery, filed September 26, 2005 (dkt #161). In their motion, the defendants ask the court to reopen discovery for a limited period of three months for the purpose of deposing some of the 181 individuals identified in Tavernier's Rule 26(a)(1) disclosures. On October 5, 2005, plaintiff Laura A. Tavernier, M.D., filed her response brief in opposition to the defendants' joint motion. For the reasons below, the motion is DENIED.

On June 5, 2003, Tavernier filed her complaint for damages and injunctive relief, relating to her termination from employment with the University of Tennessee College of Medicine in March 2003. The defendants in this case were originally represented by the Attorney

-1-

General of the State of Tennessee. On January 9, 2004, the court entered a scheduling order requiring that the parties complete discovery by no later than September 30, 2004. On October 6, 2005, the court granted the parties' joint motion to amend the scheduling order, and extended the deadline for completing discovery to December 31, 2004. The court continued the January 31, 2005 trial date to May 31, 2005.

Two weeks after the extended deadline for discovery had passed, the Attorney General filed a motion to withdraw as counsel due to a conflict of interest. On February 10, 2005, the court conducted a hearing on the motion. At the hearing, the court granted the motion to withdraw, but in doing so, noted that the extended discovery deadline had already passed and instructed the Attorney General to inform the defendants' new counsel that the discovery period has closed. On February 11, 2005, the court entered an order extending the deadline for filing dispositive motions to May 2, 2005, and stating that "other than the discovery issues that the parties discussed with the Court at the February 10 hearing, no other discovery will be permitted."[1]

It is well settled that a court may deny a party the opportunity to obtain discovery if the information is sought after the close of discovery. Overnite Transp. Co. v. Int'l Bhd. of Teamsters, No. 99-2747, 2001 WL 1910054, *1 (W.D. Tenn. Oct. 26,

---

[1] These other "discovery issues" are not before the court.

2001) (unpublished); Medtronic Sofamor Danek, Inc. v. Osteotech, Inc., No. 99-2656, 2001 WL 1910058, at *4 (W.D. Tenn. Sept. 21, 2001) (unpublished); see also Banks v. CBOCS West, Inc., No. 01-C-0785, 2004 WL 723767, *2 (N.D. Ill. Apr. 1, 2004)(unpublished); Willis v. New World Van Lines, Inc., 123 F.Supp.2d 380, 401 (E.D. Mich. 2000)(citing Ginett v. Federal Express Corp., 166 F.3d 1213 (6th Cir 1998)). Although there may be good cause to excuse an untimely request for discovery under certain circumstances, the defendants have not demonstrated to the court that reopening discovery, even for three months, is appropriate in this case. In addition to the fact that the court had previously ruled that the discovery period has closed, the defendants filed the present motion nearly nine months after the close of discovery, seven months after current counsel appeared in this case, and after the parties have briefed summary judgment motions. See Schatzman v. County of Clermont, no. 99-4066, 2000 WL 1562819, at *11 (6th Cir. Oct. 11, 2000)(unpublished)(stating that "we have no trouble agreeing with the district court's decision to deny the motion [to reopen discovery]" where motion was filed one month after defendants' motion for summary judgment had been fully briefed and discovery had been closed for nearly five months); see also NAS Electronics, Inc. v. Transtech Electronics PTE Ltd., 262 F.Supp.2d 134, 151-52 (S.D.N.Y. 2003)(denying motion to reopen discovery "because the motion to reopen discovery violates the terms of the

second scheduling order which required that discovery be completed by October 25, 2002. The plaintiffs never requested an extension of the discovery deadline, and only sought to reopen discovery in response to the defendants' motion for summary judgment. The plaintiffs should have taken discovery and made any discovery motion prior to the deadline for the completion of discovery.").

Moreover, the defendants' general contention that they want to depose "some of the 181 individuals with discoverable knowledge" identified in Tavernier's Rule 26 disclosures does not provide a sufficient basis to reopen discovery in this case. See West American Ins. Co. v. Potts, no. 89-6091, 1990 WL 104034, at *2 (6th Cir. July 25, 1990)(unpublished)(stating that defendant's "unsupported statement that further factual discovery was necessary provided an insufficient basis for granting an extension of discovery."); see also Jones v. HSBC Bank USA, no. 00-cv-532A, 2004 WL 1563080, at *6 (S.D.N.Y. June 17, 2004)(unpublished)(denying motion to reopen discovery; "Discovery should not be reopened based upon a 'party's mere hope that further evidence may develop prior to trial' to support its position."); Harris v. Computer Associates Int'l, 204 F.R.D. 44, 45 (E.D.N.Y. 2001)("when a party merely speculates as to what evidence would be produced upon further discovery, a court is correct in denying the party's request to allow more discovery."); Williams v. Baldwin County Comm., 203 F.R.D. 512, 518-19 (S.D. Ala. 2001)(denying motion to reopen discovery because movant did not demonstrate extraordinary

circumstances to amend the Rule 16(b) scheduling order). Finally, this case has been pending for over two years, the trial has been continued on numerous occasions, and any further delay in this litigation will further prejudice the plaintiff in securing a speedy and inexpensive determination of this action. <u>See</u> Fed. R. Civ. P. 1.

For these reasons, the defendants' Joint Motion to Reopen Discovery is DENIED.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

October 20, 2005
_____
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 167 in case 2:03-CV-02423 was distributed by fax, mail, or direct printing on October 21, 2005 to the parties listed.

---

Jeffery A. Jarratt
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Jennifer Shorb Hagerman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Eugene S. Forrester
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Heather Webb Fletcher
ALLEN SUMMERS SIMPSON LILLIE & GRESHAM, PLLC
80 Monroe Ave.
Ste. 650
Memphis, TN 38103--246

Georgia A. Robinette
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Lisa A. Krupicka
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

James M. Simpson
ALLEN SUMMERS SIMPSON LILLIE & GRESHAM, PLLC
80 Monroe Ave.
Ste. 650
Memphis, TN 38103--246

Honorable Samuel Mays
US DISTRICT COURT